NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY, successor in interest by merger to Gulf Insurance Company, | : : : : : : | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY Hon. William J. Martini Civil Action No. 06-3109 (WJM) |
| Plaintiff, -vs- | : : : |  |
| LITTLE RASCALS CONCRETE CO., et al., Defendants. | : : : : | REPORT AND RECOMMENDATION |

### INTRODUCTION

This matter comes before the Court as a result of defendants Fernando Neves and Rosinda Neves's (collectively "defendants") failure to comply with Court Orders and failure to defend the case. For the reasons set forth below, it is respectfully recommended that defendants' answer be stricken and default entered against them.

### BACKGROUND

Plaintiff, Travelers Indemnity Company ("plaintiff"), is a Connecticut corporation engaged in the business of providing property and casualty insurance. (Compl. ¶¶ 2, 10; Docket Entry No. 1.) Defendants are individuals alleged to be residents of the State of New Jersey.[1] (Compl. ¶¶ 6-7.)

On July 11, 2006, plaintiff filed a five count complaint alleging, inter alia, that defendants entered into an indemnity agreement and obtained performance and/or payment bonds in connection with various construction contracts. (Compl. ¶¶ 11-12.) Thereafter, plaintiff contends it suffered

---

[1] On November 22, 2006, Magistrate Judge Ronald J. Hedges administratively terminated this matter as to three other defendants, Little Rascals Concrete Co. ("Little Rascals"), Celestino Neves and Preciosa Neves, by reason of bankruptcy. (See Pretrial Scheduling Order dated November 22, 2006; Docket Entry No. 14.)

sizeable "losses, costs and expenses" resulting from its forced completion of certain bonded contracts, as well as the need to investigate and defend against claims of Little Rascals's subcontractors for labor and materials. (Compl. ¶ 14.)

On September 22, 2006, defendants filed an answer denying the allegations in the complaint. (Docket Entry No. 9.)  On April 4, 2007, defendants' counsel, Arthur L. Lesser, Esq., informed the Court during a telephone conference that defendants were having financial problems and intended to file a voluntary bankruptcy petition. (Declaration of Arthur L. Lesser, Esq. ¶ 3; Docket Entry 19-2.)  On April 23, 2007, defendants' counsel filed a motion to withdraw as counsel due to defendants' alleged failure to cooperate in their defense and pay his legal bills. (Docket Entry No. 19.)  Defendants did not oppose the motion.  On May 19, 2007, Lesser and Lesser, P.C. was relieved as counsel after a hearing on the record. (Docket Entry No. 21.)

Following the May hearing, the undersigned entered an Order dated June 4, 2007, which required that defendants advise the Court of their intentions regarding this case within ten (10) days. (Order dated June 4, 2007; Docket Entry No. 23.)  Defendants failed to respond.  On June 27, 2007, the undersigned entered a second Order "[giving] the parties one last chance to defend the case" by obtaining counsel or entering an appearance pro se on or before July 11, 2007. (Order dated June 27, 2007; Docket Entry No. 25.)  The Order expressly stated that "the failure to [retain counsel or otherwise enter an appearance] will result in the undersigned issuing a Report and Recommendation to the District Judge to strike defendants' answer and enter default." (Id.)  The defendants again failed to respond.  This Report and Recommendation follows.

## ANALYSIS

The Federal Rules of Civil Procedure authorize a district court to sanction a party that fails to comply with a court order. See Fed. R. Civ. P. 16(f) and 37(b)(2). Moreover, it is axiomatic that district courts have the inherent authority to control the conduct of those that appear before it. See Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). If a party fails to obey a court order applicable sanctions include "[s]triking out pleadings or any part thereof . . . ." Fed. R. Civ. P. 37(b)(2)(C). As the United States Court of Appeals for the Third Circuit has expressly noted, sanctionable conduct includes the "failure to comply with [an] unambiguous order[] to obtain substitute counsel." Hoxworth v. Blinder, Robinson & Co. Inc., 980 F.2d 912, 919 (3d Cir. 1992).

The Third Circuit has approved the use of a six-part test, first enunciated in Poulis v. State Farm & Casualty Co., 747 F.2d 863 (3d Cir. 1984), to determine the propriety of a sanction depriving "a party of the right to proceed with or defend against a claim." Hoxworth, 980 F.2d at 919 (internal citation omitted). The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of noncompliance; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindek v. Rigaitti, 964 F.2d 1369, 1373 (3d Cir. 1992).

While consideration of the Poulis factors is generally required, in certain circumstances it is not necessary to engage in a Poulis analysis prior to the dismissal of a party's pleading. See, e.g., Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) (no balancing necessary when a party willfully

abandons its case); Sebrell ex rel. Sebrell v. Philadelphia Police Dept., 159 Fed. Appx. 371, 373-74 (3d Cir. 2005) ("[W]hen a litigant's conduct makes the adjudication of the case impossible . . . balancing under Poulis is unnecessary."). While the history reflects that defendants have willfully abandoned this case, the Court will proceed with a Poulis analysis in the interest of completeness.

With respect to the Poulis factors, the undersigned finds as follows:

1. Defendants' Personal Responsibility.  Following the May hearing, it was defendants' sole responsibility to obtain counsel or otherwise enter an appearance pro se.  Defendants' failures to retain counsel, enter an appearance pro se or otherwise contact the Court communicate a personal lack of interest in defending this case.  In short, defendants are responsible for their failure to comply with this Court's Orders.

2. Prejudice to Plaintiff.  Defendants' failure to comply with the Court's Orders has genuinely prejudiced plaintiff.  Plaintiff is unable to engage in discovery or otherwise pursue its claims due to defendants' failure to actively participate in the litigation of this case.  Simply stated, this case may not proceed solely because of defendants' conduct.

3. History of Noncompliance.  There is a limited history of noncompliance. Defendants first failed to respond to this Court's initial Order, and then again failed to respond when provided a second opportunity to do so.  As such, defendants' failure to respond to more than one Court Order establishes a history of noncompliance.

4. Willfulness or Bad Faith.  There is no indication that defendants' conduct has been in bad faith.  However, defendants' conduct has been willful.  Defendants have chosen not to remain in contact with the Court.  In addition, the Court has issued orders which have been ignored.  In light of the absence of any explanation for their noncompliance, the undersigned construes defendants' conduct as willful.

5. <u>Effectiveness of Alternative Sanctions.</u>  The undersigned does not believe an alternative sanction would be effective.  Defendants have willfully ignored two court orders and, through their inaction, indicated a desire to abandon this case.  Because of defendants' continuous indifference to this Court's Orders, the Court does not believe an alternative sanction, such as a monetary sanction, would result in the appropriate response.

6. <u>Meritoriousness of the Defense.</u>  The Court is unable to determine the meritoriousness of defendants' claims.

In sum, defendants have willfully failed to comply with two Court Orders, failed to remain in contact with the Court and failed to defend this case.  A balancing of the <u>Poulis</u> factors weighs in favor of striking defendants' answer.

## CONCLUSION

For the above stated reasons, it is respectfully recommended that defendants' answer be stricken and default be entered against them.


Dated: August 1, 2007

                                                    S/Mark Falk
                                                  **MARK FALK**
                                                  **United States Magistrate Judge**

Orig.:  Clerk of the Court
         Hon. William J. Martini, U.S.D.J.
         All Parties
         File